J-S19001-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: M.J.R., JR., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: C.R-M., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1682 MDA 2023 |

Appeal from the Order Entered November 3, 2023
In the Court of Common Pleas of Berks County Orphans' Court at No(s):
88453

BEFORE:   DUBOW, J., BECK, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED: JULY 12, 2024**

Appellant, C.R-M. ("Mother") appeals the November 3, 2023 order entered in the Berks County Court of Common Pleas that involuntarily terminated her parental rights to eight-year-old M.J.R. ("Child"). Upon review, we dismiss this appeal due to the substantial defects in Mother's brief to this Court.

A detailed recitation of the factual and procedural history is unnecessary to our disposition. Briefly, the trial court adjudicated Child dependent in 2018 and again on July 27, 2020, for lack of proper parental care stemming from domestic violence issues, lack of parenting skills, lack of parental supervision, inappropriate physical discipline, and failure to cooperate with Berks County Children and Youth Services ("the Agency"). The court ordered Mother to

_____

[*] Retired Senior Judge assigned to the Superior Court.

comply with Agency supervision within the home. On October 1, 2021, the Agency found Mother to be a perpetrator of abuse against Child's older brother. On October 28, 2021, the court granted the Agency's request to place Child in foster care due to concerns regarding inadequate housing, truancy, Mother's ongoing lack of cooperation with the Agency, and Mother's founded report of abuse against Child's sibling.

On November 3, 2022, the Agency filed a motion to suspend Mother's visitation with Child after the Agency received reports that Mother told Child that 1) she would bring a knife and kill him during the next visit, and 2) she would kill him in front of his therapist. Additionally, the Agency averred that Child was extremely anxious during visits and expressed a desire to stop visitation with Mother. On December 6, 2022, after a hearing, the trial court suspended visitation between Mother and Child. Over the course of numerous permanency review hearings, the court made findings that Mother made minimal or no progress in alleviating the circumstances which necessitated Child's placement and was minimally to moderately compliant with the permanency plan.

On January 20, 2023, the Agency filed a petition to terminate Mother's parental rights and the court subsequently appointed legal counsel for Child. On November 3, 2023, after a three-day trial where the trial court heard testimony from fourteen witnesses, the court found that the Agency provided clear and convincing evidence to terminate Mother's parental rights pursuant

to Sections 2511 (a)(1), (2), (5), (8) and (b). Mother filed a timely *pro se* notice of appeal.[1]

As stated above, Mother's brief fails to comply with the briefing requirements set forth in Pa.R.A.P. 2111-2135 and we are, therefore, unable to conduct meaningful appellate review.

Appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial. **Commonwealth v. Adams**, 882 A.2d 496, 497 (Pa. Super. 2005); Pa.R.A.P. 2101. "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 251–52 (Pa. Super. 2003). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **Adams**, 882 A.2d at 498.

It is axiomatic that the argument portion of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P 2119(a)-(c). This Court will address only those issues properly presented and

---

[1] On January 8, 2024, this Court directed the trial court to clarify the status of Mother's representation and whether Appellant's waiver of counsel was knowing, intelligent, and voluntary pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). On January 22, 2024, the trial court confirmed that it held a **Grazier** hearing on December 21, 2023, and subsequently found that Mother knowingly, voluntarily, and intelligently waived her right to be represented by counsel on appeal.

developed in an appellant's brief as required by our rules of appellate procedure. Pa.R.A.P. 2101-2119. "The Rules of Appellate Procedure [] state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." ***Commonwealth v. Martz***, 232 A.3d 801, 811 (Pa. Super. 2020) (citation omitted). As this Court has made clear, we "will not act as counsel[.]" ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" ***Milby v. Pote***, 189 A.3d 1065, 1079 (Pa. Super. 2018).

Here, we are unable to provide meaningful review. Comprised primarily of personal grievances untethered to legal analysis and citations to the record, Mother's brief utterly fails to comport with our rules of appellate procedure. As a result, our review is fatally hampered and, accordingly, we are constrained to dismiss this appeal. Pa.R.A.P. 2101.

Specifically, in her statement of the case, Mother fails to reference the record as required by Rule 2117(a)(4), and impermissibly includes multiple attempts at persuasive argument in violation of Rule 2117(b). ***See*** Mother's Br. at 14-16. ***See generally*** Pa.R.A.P. 2117(a)-(b) (setting forth requirements for the statement of the case section). Essentially, Mother uses the statement of the case to assert personal grievances rather than provide a procedural and factual history.

Notably, Mother fails to provide a statement of the questions involved pursuant to Pa.R.A.P. 2111(a)(4). The omission of a statement of questions

- 4 -

involved is "particularly grievous since the statement of questions involved defines the specific issues this Court is asked to review." ***Commonwealth v. Maris***, 629 A.2d 1014, 1016 (Pa. Super. 1993).

In addition, Mother's Argument section is markedly underdeveloped and, at times, impossible to decipher. Although Mother randomly cites to boilerplate legal authority in bullet points throughout the brief, she fails to apply the law to the facts of this case in a meaningful and coherent manner with citation to the record, as required by our Rules of Appellate Procedure and case law. ***See*** Mother's Br. at 18-26. In fact, Mother fails to provide any references to the record as required by Rule 2119(c). ***See generally*** Pa.R.A.P. 2119 (a)-(c) (describing argument section requirements).

In sum, Mother's violations of the Rules of Appellate Procedure preclude this Court's meaningful review. We decline to scour the record and may not develop arguments on Mother's behalf. Accordingly, we are constrained to dismiss this appeal.

Even if this Court were able to effectuate meaningful appellate review, we would affirm. We agree with the reasoning of the trial court in its well-written and comprehensive December 29, 2023 opinion and discern no abuse of discretion.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/12/2024